IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRADFORD LAMAR DALEY,<br>Reg. No. 14756-002,<br><br>     Plaintiff,<br><br>v.<br><br>DEMETRIUS SANDERS, *et al.*,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)   CASE NO. 2:20-cv-881-MHT-JTA<br>)               (WO)<br>)<br>)<br>)<br>) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Plaintiff Bradford Lamar Daley, while an inmate at the Federal Prison Camp in Montgomery, Alabama, filed this civil action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), challenging the constitutionality of actions by certain Bureau of Prison ("BOP") employees in implementing directives of the United States Attorney General for evaluating federal inmates for placement in home confinement under the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"). Those directives were set out in BOP memoranda instructing BOP officials to prioritize and increase the use of home confinement to reduce the impact of the COVID-19 pandemic on the federal prison system. Daley's complaint includes a motion for preliminary injunction "resulting in Daley being placed in home confinement."[1] Doc.

---

[1] A court may grant a preliminary injunction only if the plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits of the complaint; (2) irreparable injury

1 at 3. For the reasons indicated below, the court finds Daley's motion for preliminary injunction should be denied.

## II.   DISCUSSION

With their response to this court's order to show cause why Daley's motion for preliminary injunction should not be granted, Defendants submitted a copy of Daley's BOP Inmate History reflecting that Daley was released to home confinement on April 21, 2021, and is no longer incarcerated at the Federal Prison Camp in Montgomery. *See* Doc. 37-1. Indeed, review of the docket establishes that Daley filed a Notice of Change of Address on April 22, 2021, informing the court of his new address. Doc. 32.

In cases where the requested relief is injunctive in nature, events that occur after the filing of the case can render the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz,* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy). Daley has been released to home confinement. His claim seeking placement in home confinement is moot since it "no longer presents a live controversy with respect to which the court can give meaningful relief." *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1217 (11th Cir. 2000); *United States ex. rel. Graham v. United States Parole Comm'n*, 732 F.2d

---

will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the nonmoving parties; and (4) the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

849, 850 (11th Cir. 1984). Therefore, Daley's motion for preliminary injunction should be denied as moot.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction (Doc. 1 at 3) be DENIED as moot.

2. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **by August 13, 2021**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of July, 2021.

*Jerusha J. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE