IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRADFORD LAMAR DALEY,<br>Reg. No. 14756-002, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL CASE NO. 2:20-cv-881-ECM<br>) [WO] |
| DEMETRIUS SANDERS, *et al.*, | )<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

The Plaintiff brought this *Bivens*[1] action against numerous employees of the Federal Bureau of Prisons ("BOP"), asserting that they violated his constitutional rights when they denied his request for release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116–136, § 12003(b)(2) (2020), during the COVID-19 pandemic.  He sought monetary damages and injunctive relief, including an order directing the BOP to release him to home confinement.[2]  On February 8, 2024, the Magistrate Judge entered a Recommendation (doc. 50), to which no timely objections have been filed, that the Plaintiff's action be dismissed with prejudice because he failed to properly exhaust his administrative remedies.

Even if the Plaintiff had exhausted his administrative remedies, the Court finds that the damages action is nonetheless due to be dismissed because the Plaintiff has not

---

[1] *Bivens v. Six Unknown Fed. Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] It appears that the Plaintiff has since been released from federal incarceration. (*See* doc. 32; doc. 50 at 10 n.4).

sufficiently justified an extension of the *Bivens* remedy to the circumstances of this case. *See generally Egbert v. Boule*, 596 U.S. 482 (2022). In *Egbert*, the United States Supreme Court reiterated that "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Id.* at 491 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)); (doc. 42 at 22–23) (making this observation). The Supreme Court further explained that if the claim "arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 492 (quoting *Ziglar*, 582 U.S. at 136). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (citation omitted). In light of this guidance from the Supreme Court, the Court finds that the Plaintiff has not shown entitlement to a *Bivens* remedy in this new context, i.e., BOP officials' denial of a home confinement request under the CARES Act. *See id.*

Accordingly, upon an independent review of the file and upon consideration of the Recommendation, it is

ORDERED as follows:

1. The Recommendation of the Magistrate Judge (doc. 50) is ADOPTED as modified herein;

2. The Defendants' Answer and Special Reports (docs. 28, 42) are construed as a motion to dismiss, and the motion to dismiss (docs. 28, 42) is GRANTED;

3. This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 25th day of March, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE